[No. 5943.]

## SANTA CRUZ R. R. CO. *v.* LOUIS SCHWARTZ.

Agreement to Subscribe for Stock.—An agreement to subscribe for shares of a corporation upon a stipulated condition is not binding, unless the condition be complied with.

Appeal from the District Court of the Twentieth Judicial District, Santa Cruz County.

This action was brought to recover an assessment of five hundred dollars upon five shares of the plaintiff's capital stock. The plaintiff is a railroad corporation, organized in June, 1873, with a capital stock of one million dollars, divided into ten thousand shares, for the purpose of building a narrow-gauge railroad through Santa Cruz County, along the sea-coast. In May, 1873, the defendant signed a " prospectus " of the railroad, agreeing to take five shares of the capital stock, upon a certain " statement and terms " expressed in the prospectus, among which was the following:

" As soon as the subscriptions to the amount of one hundred and fifty thousand dollars of the capital stock have been secured * * * * the company shall be organized, and the construction of the road shall be commenced at the town of Santa Cruz, and continue thence eastwardly until completed, to

a point at or near the Pajaro Depot, on the line of the Southern Pacific Railroad."

At the date of the organization only one hundred and thirty thousand dollars had been subscribed to the capital stock; one hundred and fifty thousand dollars were not subscribed until January 1st, 1875.

The defendant refused to sign the articles of incorporation, or to take any part in the business of the corporation. Before any expenditures had been made he had asked leave to withdraw his subscription, but the request was refused by the defendant. The road was completed as proposed in the prospectus. In August, 1875, the company being in debt, an assessment of the full amount unpaid upon the capital stock was levied, and the defendant was served with due notice thereof. After the assessment became delinquent the Board of Directors elected not to proceed by sale of the stock, but to sue the stockholders for the sums due from them respectively. This action was accordingly brought against the defendant as a stockholder.

The case was tried by the Court without a jury. Judgment was rendered for the defendant, and the plaintiff appealed.

*Charles B. Younger*, for Appellant.

I think it apparent from reading the agreement that it was not a condition precedent that said sum should have been subscribed before plaintiff became incorporate. The language of the contract is that " as soon as subscriptions to the amount of one hundred and fifty thousand dollars of the capital stock have been secured, and the assurance given by the legally constituted authorities of Santa Cruz County that all the aid within the power of the County to give * * * will be extended by them in aid of the construction of the road as the same shall be constructed, the Company shall be organized, and the construction of the road should be commenced," etc. " Organized " does not mean incorporated, but rather that a systematic and united effort should be made toward the building of the road. The object in view was the building of the road, and it was not the intention to limit the time when the Company should be

incorporated.  If subscriptions had been secured to the amount named, and the road had been built without incorporating the Company, the failure to incorporate would not have been any objection to a recovery on the agreement.  The mere point of time when the Company became incorporated would seem to be unobjectionable.  Unless the Company was incorporated, the County authorities could not give assurance that the aid of the County would be extended to the enterprise.  It will be observed that defendant's subscription for the shares is in the present, and that ten per cent. is " to be paid in cash," and " the remainder as may from time to time be required."  The agreement is not to pay after subscriptions to one hundred and fifty thousand dollars have been secured, but to pay a percentage in cash and the remainder as might be required.  The incorporation prior to receiving subscriptions to the above-named amount was not the occasion of defendant's failure to pay.  After the subscription and before the incorporation, defendant declared that he would not pay any part of his subscription.  Under this declaration, plaintiff was not required to wait until further subscriptions had been secured before incorporating.  The law does not require idle acts.  (Civil Code, sec. 3532.)  The following language of this Court in *Front St., M. and O. Railroad Co.* v. *Butler*, 50 Cal. 577, is in point here :  " Courts are disinclined—as was observed by the Court of Appeals of New York (20 N. Y. 432)—to construe the stipulations of a contract as conditions precedent, unless compelled by the language of the contract, plainly expressed. The reason of this discrimination is that such a construction prevents the Court from dealing out justice to the parties according to the equities of the case.  The case at bar affords an instance of the injustice which would be wrought by such a construction of the contract of these parties."

In *Campbell* v. *Jones*, 6 Term Rep. 570, the plaintiff, for a consideration named, agreed to teach and instruct defendant in the bleaching and preparing materials for making paper, and to permit defendant to use plaintiff's improved method of preparing and bleaching such materials.  In consideration thereof, defendant paid one-half, and agreed to pay the balance on a

particular date, or sooner in case plaintiff should before that time have sufficiently taught and instructed defendant in the art, and permitted him to use the improved method, etc. Defendant demurred because it was not alleged that plaintiff had taught and instructed defendant in the manner and method of bleaching. The demurrer was overruled on two grounds, of which one was that the agreement was for one entire sum ; the teaching of the defendant was not the whole consideration of the covenant to pay ; that the defendant had received the right to use the plaintiff's patent, and the instruction of defendant could not be taken to be the most material part of the consideration.

Plaintiff's incorporation as soon as subscriptions to said amount had been secured was not the whole consideration for defendant's agreement. The principal consideration was securing County aid, and building the road on a given route. Plaintiff secured the County aid, and built the road on the route called for in the agreement, and has thus strictly performed the principal part of the agreement. If defendant has sustained any damage by the incorporation in advance of securing subscriptions to the amount of one hundred and fifty thousand dollars, he could maintain an action therefor. Plaintiff became incorporate when one hundred and thirty thousand dollars were subscribed, and subsequently secured subscriptions in excess of one hundred and fifty thousand dollars. Thus every item of the agreement has been performed by plaintiff, though the incorporation was in advance of securing the last-named amount in subscriptions. It would certainly be gross injustice to permit defendant to enjoy the principal part of the consideration for his agreement without paying for it, merely because plaintiff incorporated before one hundred and fifty thousand dollars in subscriptions, had been secured.

*A. S. Kittredge*, for Respondent, argued that the defendant was released from his obligation to take the stock by the act of organizing without his consent *before* the subscriptions amounted to one hundred and fifty thousand dollars.

By the Court :

The "prospectus" to which the signature of the defendant was obtained contemplated an organization of the proposed corporation only after securing subscriptions for one hundred and *fifty* thousand dollars. The organization was, however, subsequently, and without the consent of the defendant, effected when subscriptions for only one hundred and *thirty* thousand dollars had been obtained. This was a clear departure from the scheme set forth in the "prospectus" to which the defendant had become a party, and it operated to release the defendant, at his option, from proceeding further in the business.

Judgment affirmed.