[No. 13837.    Department Two. — March 9, 1891.]

## CALIFORNIA SOUTHERN HOTEL COMPANY, APPELLANT, *v.* C. J. RUSSELL, RESPONDENT.

CORPORATIONS — SUBSCRIPTIONS TO STOCK — CONDITION PRECEDENT TO ORGANIZATION. — Under an agreement between the subscribers to a proposed corporation, that a certain amount of the capital stock shall be subscribed before a meeting of the stockholders shall be called and the corporation formed, a subscriber incurs no obligation to pay his subscription unless the condition precedent to the organization is complied with.

ID. — REQUISITE AMOUNT OF STOCK — UNAUTHORIZED SUBSCRIPTIONS — RATIFICATION. — Unauthorized subscriptions of other corporations to the stock of the proposed corporation cannot be counted in making up the requisite amount to be subscribed before organization; and no ratification of the unauthorized subscriptions subsequent to the organization can affect the liability of another subscriber without his consent, if the condition precedent to organization was not complied with.

ID. — CONDITIONAL SUBSCRIPTIONS. — Conditional subscriptions cannot be counted in making up the proposed subscription of a certain amount of stock before organization.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion.

*J. M. Wilcoxon,* for Appellant.

*Venable & Goodchild,* and *Graves, Turner & Graves,* for Respondent.

BELCHER, C. — The facts of this case are as follows: Prior to August 17, 1887, the defendant and others signed a paper by which they agreed to and with each other that they would organize and form a corporation for the purpose of erecting and owning a hotel building in the city of San Luis Obispo, and of purchasing all real and peronal property necessary to be used in connection with the said building; that the capital stock of the said corporation should be one hundred thousand dollars, divided into one thousand shares, of the par value of one hundred dollars each; that they respectively subscribed for such number of shares of the stock of the corporation as were set after their respective names, and would pay for the same up to the par value thereof, at such times and in such manner as might be determined by the board of directors of the corporation to be thereafter chosen.

The paper then contains the following clause: "And we further agree that whenever seventy thousand ($70,000) dollars of said capital stock has been subscribed for, a meeting shall be called for the purpose of electing a board of directors, and taking such steps as are required by law to form the said corporation, and that at such meeting the owners of a majority of said subscribed stock shall constitute a quorum, and are authorized to elect said board of directors, and transact any

business necessary to fully complete the organization of the said corporation."

The defendant subscribed for ten shares of the stock, and the paper showed subscriptions in the aggregate for 772 shares.

The second and third subscriptions in the list were as follows: —

"Pacific Coast Steamship Company, for itself and Pacific Coast Railway Company, for amount of freight on furniture and material shipped from ports south of Mendocino and north of San Diego, both inclusive.

[This subscription is in place of and is a substitute for any and all other subscriptions made by or for or on account of the Pacific Coast Steamship Company, or the Pacific Coast Railway Company, for stock of or in any proposed hotel company since the burning of 'The Andrews' about April, 1886.

Goodall, Perkins & Co., General Agents.]

Estimated about ——. No. shares, 100. Amount, $10,000."

"Edwin Goodall: The block of land bounded by Higuera, Johnson, Marsh, and Essex streets, for a site for a hotel, if accepted and used for that purpose, $7,500, and in that case cash, $5,000. No. shares, 125. Amount, $12,500."

Subsequently, Edwin Goodall, for himself and the Pacific Coast Steamship Company, united with others in calling a meeting of the subscribers. The meeting was held, and Goodall was present and voted the full amount of stock subscribed for by himself and the steamship company, viz., 225 shares. The result was, that on August 17, 1887, a corporation was organized in the name of the plaintiff, with a capital stock of one hundred thousand dollars divided into one thousand shares of one hundred dollars each.

The defendant was not present at the preliminary meeting, and did not acquiesce in or agree that the cor-

poration should be formed on the subscriptions which had been made, and he never at any time recognized the validity of the corporation.

The articles of incorporation included the names of the Pacific Coast Steamship Company for 100 shares of stock, and of Edwin Goodall for 125 shares, without conditions, and they left out the names of five of the subscribers, whose aggregate subscriptions were for 50 shares.

The corporation proceeded to erect a hotel building, and has since opened and conducted the same as a hotel.

The board of directors of the corporation made calls for the payment of the full amount of the subscriptions, in installments of twenty per cent each. The defendant refused to pay the amount subscribed by him, or any part thereof, and this action was brought to recover the same.

The case was tried by the court without a jury, and, among other things, the court found that "the subscription of the Pacific Coast Steamship Company and Pacific Coast Railway Company was made by Edwin Goodall, a member of the firm of Goodall, Perkins & Co., general agents for said companies, and was not authorized by said companies." Judgment was then entered that the plaintiff take nothing by its action. From that judgment the plaintiff appealed, and has brought the case here on the judgment roll.

It is claimed for appellant that judgment should have been entered in its favor on the findings. We do not think so. Under the agreement the subscription of seventy thousand dollars was a condition precedent to the calling of a meeting and forming a corporation. And until that condition was complied with, the defendant incurred no obligation to pay his subscription. (*Santa Cruz R. R. Co.* v. *Schwartz*, 53 Cal. 106; see also Am. Law Reg. 7, and cases cited.) But it very clearly appears that the condition was not complied

with, for two reasons: 1. The second subscription for ten thousand dollars, having been made without authority, was invalid, and could not be counted in making up the seventy thousand dollars; and if the unauthorized act was afterwards ratified, still the rights of the defendant were not thereby affected, and could not be without his consent. (Civ. Code, sec. 2313.) 2. The second and third subscriptions, amounting to twenty-two thousand five hundred dollars, were both conditional, and not absolute.

Under these circumstances, we think that the proper judgment was entered, and we advise that it be affirmed.

Temple, C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.